IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROEL CONTRERAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-374 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Criminal Institutions Division ("TDCJ-CID"), and currently is incarcerated at the

Wayne Scott Unit in Angleton, Texas.  Proceeding pro se, petitioner filed this

habeas corpus petition pursuant to 28 U.S.C. §§ 2241, 2254 on June 15, 2006.

(D.E. 1).  On February 28, 2007, respondent filed a motion for summary judgment

arguing that petitioner's habeas petition is time barred and that petitioner has failed

to state a cognizable claim for habeas relief.  (D.E. 21).  Petitioner filed a response

to respondent's motion for summary judgment on March 14, 2007.  (D.E. 22).  For

the reasons stated herein, it is respectfully recommended that the respondent's

motion for summary judgment be granted.

# I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  28 U.S.C. § 2241(d);

Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).  Petitioner was

convicted by the 36th Judicial District Court of Aransas County, Texas.  Therefore,

jurisdiction is proper in this Court.

# II.  BACKGROUND

## A.    Procedural Background.

Respondent has lawful custody of petitioner pursuant to a judgment and

conviction of the 36th Judicial District Court of Aransas County, Texas, in cause

number A-00-0001-CR, styled The State of Texas v. Roel Contreras.  Ex parte

Contreras, App. No. 55,653-02, at 160.  On November 30, 2000, petitioner was

convicted of aggravated assault, causing serious bodily injury, with a deadly

weapon.  Id.  The court found that petitioner was a repeat offender and on

December 15, 2000, he was sentenced to fifty years in the TDCJ-CID by Judge

Alonzo Rodriguez.  Id.  At the December 15, 2000 hearing, petitioner pleaded true

to two enhancements for prior felony convictions for burglary and possession of

LSD.  State v. Contreras, Cause No. A-00-0001-CR, Reporter's Record, vol. 6,

pages 4-5, 24.[1]  On March 16, 2001, Judge Janna Whatley entered a judgment,

which assessed costs in the amount of $14,339.90.  Id.  There was no fine assessed

against petitioner.  Id. at 161.

On February 21, 2002, the Thirteenth Court of Appeals affirmed petitioner's

conviction.  Contreras v. State, No. 13-00-768-CR, 2002 WL 253842 (Tex. App.

Feb. 21, 2002) (unpublished).  The record does not reflect that petitioner filed a

petition for discretionary review with the Texas Court of Criminal Appeals.  On

April 9, 2003, petitioner filed his first state application for habeas relief.  Ex parte

Contreras, App. No. WR-55,653-01.  However, the Texas Court of Criminal

Appeals dismissed his application as non-compliant.  Id. at cover.  Specifically, the

court rejected his application because petitioner did not file it on the prescribed

form.  Id. at page following cover.

Petitioner waited two years to file a second state application for habeas relief

on April 7, 2006.  Ex parte Contreras, App. No. WR-55,653-02, at 12.  On June 7,

2006, the Texas Court of Criminal Appeals denied petitioner's second state

application for habeas relief without written order.  Id. at cover.  Petitioner then

filed this action on June 15, 2006.  (D.E. 1).

---

[1] The Reporter's Record will be designated as "R.R." with the volume number preceding
it and the page numbers following the designation.

3

**B.      Factual Background.**

Evidence entered at petitioner's trial revealed that he had a four-year extramarital affair with one of his employees, Virginia Knapp, a single woman. 3 R.R. 139-43, 165-72.  When Ms. Knapp tried to end the affair, he hired three men to assault her and her roommate, Sue Reynolds, whom petitioner believed encouraged Ms. Knapp to end the affair.  3 R.R. 144, 161, 242-45.  In the ensuing attack, Ms. Reynolds was murdered and Ms. Knapp was seriously injured.  Id. at 21, 34.  The attackers testified against petitioner at his trial.  4 R.R. 19, 28.

### III.  PETITIONER'S ALLEGATIONS

Petitioner claims that he is seeking habeas corpus relief because the state trial court improperly imposed court costs and fees in a signed judgment after the oral imposition of his sentence in open court.  (D.E. 7, 17).

### IV.  EXHAUSTION OF STATE COURT REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  Respondent does not challenge petitioner's exhaustion of state remedies at this time.  (D.E. 21,

at 4-5).

## V.  DISCUSSION

**A.      Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary

judgment is appropriate where there is no disputed issue of material fact, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court

must consider the record as a whole by reviewing all pleadings, depositions,

affidavits, and admissions on file, and by drawing all reasonable inferences in

favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d

448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the Court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d

958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light

most favorable to the non-movant, and all reasonable doubts must be resolved

against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438. 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

**B.    Petitioner's Claims are Time Barred.**

**1.    Statute of Limitations Pursuant to the AEDPA.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for state prisoners to challenge a conviction by the filing of a federal petition for habeas corpus relief.  Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C. § 2241(d)).  A petitioner has one year from the date his conviction becomes final to file his federal petition for habeas relief.  Id.  A properly filed state application for post-conviction relief tolls the

6

AEDPA period of limitations for the entire time the state application is pending. Id. A state application for post-conviction relief is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (italics in original). A state application for post-conviction relief is pending "until the application has achieved final resolution through the State's post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002). While a state application for post-conviction relief generally tolls the AEDPA limitations period, a state application for habeas relief that is not filed within the federal limitations period does not toll the limitations period under § 2244(d)(2). Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Under "rare and exceptional circumstances," equitable tolling may also apply pursuant to the AEDPA. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling may only apply "'where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Id. (quoting Fierro, 294 F.3d at 682). Petitioner's failure to comply with the AEDPA's statute of limitations must result from "an extraordinary factor beyond the plaintiff's control" that prevents filing on time. Felder v. Johnson, 204 F.3d

168, 174 (5th Cir. 2000).  Ignorance of the law is insufficient to warrant equitable

tolling, even for a <u>pro</u> <u>se</u> petitioner.  <u>See</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th

Cir. 1999).

### 2.      Petitioner Has Not Shown He is Entitled to Tolling of the Limitations Period.

Petitioner filed his first state application for habeas relief on April 9, 2003.

<u>Ex parte Contreras</u>, App. No. WR-55,653-01.  The Texas Court of Criminal

Appeals dismissed his application as non-compliant because it was not on the

proper form.  <u>Id.</u> at cover.  Petitioner waited nearly twenty-two months after

receiving notice of the dismissal before filing a second state application for habeas

relief on April 7, 2006.  <u>Id.</u> at page following cover; <u>Ex parte Contreras</u>, App. No.

WR-55,653-02, at 12.

Petitioner has not attempted to present this Court with any justification for

his failure to properly and timely file his state applications for habeas relief.  His

second state application for habeas relief does not toll the limitations period

because it was filed after the one-year federal limitations period expired.  <u>See</u>

<u>Scott</u>, 227 F.3d at 263.  He has not presented any evidence that an extraordinary

circumstance beyond his control prevented a timely filing.  Thus, petitioner has

failed to show that he is entitled to equitable tolling for his failure to timely file his

federal petition for habeas relief.

8

It is respectfully recommended that petitioner's federal habeas petition should be dismissed as time barred pursuant to the AEDPA.

**C.     Petitioner Fails to State a Cognizable Claim for Habeas Relief.**

Petitioner claims that he is seeking habeas corpus relief because the state trial court improperly imposed court costs and fees in a signed judgment after the oral imposition of his sentence in open court.  (D.E. 7, 17).  In his response to respondent's motion for summary judgment, petitioner argues that the trial judge violated the Texas Constitution, Texas Rules of Civil Procedure, and Texas Rules of Criminal Procedure by imposing court costs.  (D.E. 22, at 3-4).  Petitioner asks the Court to order that court costs and fines assessed in relation to his conviction be refunded.  (D.E. 17, at 14).

This Court may only grant habeas relief upon a showing that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Supreme Court has "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the <u>fact or duration of his confinement and seeks immediate or speedier release</u>."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994) (emphasis added) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)).  The Fifth Circuit has explained the difference between claims that should be brought pursuant to 28 U.S.C. § 2254, and those that should be pursued under

42 U.S.C. § 1983:

> The line between claims which must initially be pressed by writ of habeas corpus and those cognizable under § 1983 is a blurry one.  A section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures.  On the other hand, the writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement.  The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement.

Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994) (internal citations omitted) (emphasis added).  A habeas corpus action is proper if a petitioner seeks release from custody.  See Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989).

Petitioner does not challenge the fact or duration of his confinement, or seek release from custody, but instead challenges, pursuant to state law, the manner by which a state court judge imposed an order requiring him to pay court costs, and requests that those costs be refunded.  (D.E. 17, at 14); (D.E. 22, at 4-5).  The Fifth Circuit has adopted a "bright-line rule" that "[i]f 'a favorable determination would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit."  Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting

10

Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)).

Petitioner argues that he had a right to be at his sentencing and that the written judgment must not conflict with the oral pronouncement of his sentence (D.E. 17, at 9).  In one case upon which he relies, the Fifth Circuit explained that the court has determined that costs assessed by a court in a written judgment are permissible even if they were not assessed at the oral sentencing.  See United States v. Vega, 332 F.3d 849, 852 (5th Cir. 2003) (per curiam) (discussing drug treatment costs).  More important, he offers no support for him to proceed in a habeas petition challenging court costs in light of the Fifth Circuit's bright-line rule.

It is respectfully recommended that petitioner's claim that the state trial judge improperly applied Texas law and rules in assessing court costs against him does not state a cognizable claim for federal habeas relief.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v.

11

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner

must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VII. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this petition for writ of habeas corpus be dismissed with prejudice as time barred and for failure to state a cognizable claim for federal habeas relief. Accordingly, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 21), be granted and petitioner's request for habeas relief be denied. Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 23rd day of April 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

13

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

14