IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROEL CONTRERAS, § | |
|     Petitioner, § | |
| § | |
| v. § | C.A. NO. C-06-374 |
| § | |
| NATHANIEL QUARTERMAN, § | |
|     Respondent. § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

This is habeas corpus petition filed by a state inmate pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Criminal Procedure. (D.E. 31).

## BACKGROUND

Proceeding pro se, petitioner filed this habeas corpus petition on June 15, 2006. (D.E. 1). On February 28, 2007, respondent filed a motion for summary judgment arguing that petitioner's habeas petition is time barred and that petitioner has failed to state a cognizable claim for habeas relief. (D.E. 21). Petitioner filed a response to respondent's motion for summary judgment on March 14, 2007. (D.E. 22).

On April 23, 2007, a memorandum and recommendation was issued

recommending that respondent's motion for summary judgment be granted. (D.E. 26). Specifically, it was recommended that the petition should be dismissed because it was time barred. Id. at 6-9. Moreover, it was "recommended that petitioner's claim that the state trial judge improperly applied Texas law and rules in assessing court costs against him does not state a cognizable claim for federal habeas relief." Id. at 11.

Petitioner filed objections to this memorandum and recommendation. (D.E. 28). On June 21, 2007, the Court entered an order adopting this memorandum and recommendation and granting respondent's motion for summary judgment. (D.E. 29). Final judgment was entered on that same date. (D.E. 30).

On June 29, 2007, petitioner placed into the prison mail system a copy of his pending motion. (D.E. 31, at 7). In his motion, he argues that this Court failed to properly consider the points that he raised in his objections, and that such failure violated his due process rights. Id. at 4. He further asserts that he was filing his petition pursuant to § 2241 as opposed to § 2254. Id. at 5. Regarding newly discovered evidence, he claims:

> The petitioner was reviewing his monthly account balance sheet on account No. 01033124 dated 01/31/07 and in the section that identifies court cost and fees it showed that I owed $ 9,679.31, and then on 02/28/07 when I reviewed my account balance sheet it showed that I owed .00. The Petitioner claims that the court

>submitted an Order to delete the fine.  Therefore the petitioner is entitled to the reimbursement of the money that was taken from the Inmate Trust Fund account prior to the Order.

Id. at 6.

## DISCUSSION

Rule 59(e) provides that a litigant may seek to alter or amend a judgment provided that a motion is filed within ten days of the entry of judgment.  The Fifth Circuit has explained that

>A Rule 59(e) motion "calls into question the correctness of a judgment."...  This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment....  Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."...  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

Templet v. Hydrochem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations omitted).

First, petitioner's proffered newly discovered evidence relates to account statements from January and February of this year.  He never raised this information in his objections to the memorandum and recommendation.  (D.E. 28).  This information was available to petitioner, or he could have discovered it prior to

3

the entry of final judgment.  See ICEE Distrib., Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 848 (5th Cir. 2006); see also Templet, 367 F.3d at 479 ("We have held that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.") (citation omitted).  Indeed, petitioner has not even provided copies of these two account statements, or the state court order that he indicates constitute newly discovered evidence.  Consequently, this Court has no new evidence before it.

Second, in petitioner's objections that he filed, he argued that his petition should be interpreted as a § 2241 petition.  (D.E. 28, at 3) ("The Petitioner also allegs [sic] that the Court should construe his § 2254 into an [sic] §2241.").  He raises this argument again in the pending motion.  (D.E. 31, at 5-6).  However, his argument does not raise any legal justification for construing his motion as he seeks.  Instead, he raises the same argument that he has already addressed, which is not the proper basis for a Rule 59(e) motion.  See Templet, 367 F.3d at 478-79.

Third, petitioner also argues that this Court "failed to conduct a comprehensive, and thorough examination of all the issues in petitioner's [objections, which] violated the Fourteenth Amendment to the Constitution and abridged petitioner's right to Due process." (D.E. 31, at 4).  In support of his

argument, he cites Lowery v. Collins, 988 F.2d 1364, 1367 (5th Cir. 1993) and Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993), but these cases both are inapplicable as they address Sixth Amendment rights.[1]  More important, this Court considered the issues raised in petitioner's objections, but found them unpersuasive.  (D.E. 29, at 1).

Finally, nothing in petitioner's pending motion addresses the fact that in his petition he did not assert a violation of the federal constitution, but instead argued that the state trial judge improperly applied Texas law and rules.[2]  Consequently, nothing in the pending motion supports a claim that there was some manifest injustice in the application of federal law in this Court's entry of final judgement.  See Templet, 367 F.3d at 479.

---

[1] In Gray, the Sixth Amendment issues concern ineffective assistance of counsel, see generally 6 F.3d 265, and in Lowery, the Sixth Amendment issues concern the right to confront a witness.  See generally, 988 F.2d 1364.

[2] Petitioner also mistakenly relies heavily on Texas case law in support of his pending motion.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that petitioner's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Criminal Procedure, (D.E. 31), be denied.

Respectfully submitted this 19th day of July 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).